**Jack HARVILL, Plaintiff,**

v.

**ROADWAY EXPRESS, INC., Defendant.**

**No. 79–153C(4).**

United States District Court,
E. D. Missouri, E. D.

April 23, 1980.

Marc S. Kramer, St. Louis, Mo., for plaintiff.

H. Kent Munson, Stein & Seigel, St. Louis, Mo., for defendant.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court for a decision on the merits following a one-day bench trial on December 26, 1979, with time for hearing continued to February 7, 1980, to enable defendant to offer additional evidence, which opportunity defendant declined by letter of February 4, 1980. The Court, therefore, makes its determination on the pleadings and evidence adduced at the trial on December 26, 1979. The above-entitled action is brought pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, for enforcement of a grievance award and to recover lost overtime pay, costs, and attorney's fees.

After consideration of the testimony adduced at trial, the exhibits introduced in evidence, the briefs of the parties, and the applicable law, and being fully advised in the premises, the Court hereby makes and enters the following findings of fact and conclusions of law. Any finding of fact equally applicable as a conclusion of law is hereby adopted as such, and conversely, any conclusion of law applicable as a finding of fact is adopted as such.

### Findings of Fact

1. Defendant Roadway Express, Inc. [Roadway] is an employer within the meaning of the Labor Management Relations Act, 29 U.S.C. § 152. The plaintiff, Jack Harvill, has been an employee of Roadway at all times herein material within the meaning of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2. At all times material herein, plaintiff has been a member of Highway-City and Air Freight Drivers, Dockmen, and Helpers, Local Union No. 600, which is a labor organization within the meaning of the Labor Management Relations Act, 29 U.S.C. § 141, et seq. A collective bargaining agreement between defendant and Local 600 has governed the terms and conditions of employment of various employees, including the plaintiff.

3. Roadway is an over-the-road motor carrier engaged in interstate commerce and maintains a terminal in the City of St. Louis, Missouri. Drivers who perform pickup and delivery functions for Roadway are sometimes called "city drivers." However, the city drivers' seniority roster for Roadway includes a certain number of drivers who do not drive trucks on the street but rather perform switching duties within the terminal yard of Roadway.

4. In January of 1976, Roadway purchased the business known as Owens Transfer, Inc., and the city drivers who worked for Owens Transfer were dovetailed into the seniority roster of the city drivers working for Roadway.

5. Plaintiff, prior to January of 1976, had been a city driver for Owens Transfer for a period of eight years, but had never driven placarded loads in excess of the weight limitations as set forth in 49 C.F.R. § 390.16 (1975), nor driven outside of the commercial zone of the St. Louis, Missouri-East St. Louis, Illinois, area, as defined by the Interstate Commerce Commission.

6. For a period in excess of twenty-four years, Roadway has had a uniform and nationwide policy that all city drivers must have 20/40 vision in both eyes. However, the testimony reveals no other company with a comparable policy.

7. At the time that Roadway purchased Owens Transfer, Roadway required all of the former Owens Transfer drivers to be examined to determine whether they met Roadway's physical qualifications for city drivers.

8. Plaintiff was examined on January 15, 1976, by J. A. Costrino, M.D., who determined that plaintiff had 20/20 vision in his left eye but could see only light out of his right eye, due to a condition known as external strabismus. Dr. Costrino concluded that plaintiff did not meet the physical requirements established by Roadway for city drivers.

9. After examination by Dr. Costrino, Roadway did not allow plaintiff to drive as a city driver, but rather limited plaintiff to yard work.

10. At all times material herein and to the present, plaintiff has had a valid chauffeur's license and has been qualified to drive as a city driver within a commercial zone carrying any loads except placarded loads. *See* 49 C.F.R. § 390.16(b).

11. On January 20, 1976, plaintiff, through Local 600, filed a grievance against Roadway. Plaintiff claimed, in pertinent part, that Roadway violated Article 43 of the Collective Bargaining Agreement by removing him from the seniority list as a city driver.

12. The grievance was processed in accordance with the Collective Bargaining Agreement and appealed to the Joint Area Committee. Article 45, Section 1(a) of the agreement provides in pertinent part: "Where the Joint Area Committee by majority vote settles a dispute such decision shall be final and binding on both parties with no further appeal."

13. In April, 1976, the Joint Area Committee determined that "Jack Harvill be allowed to bid on those positions he is physically qualified to perform."

14. From the time of that ruling to present, Roadway has not allowed plaintiff to drive as a city driver within the commercial zone. Plaintiff filed another grievance on February 14, 1978, and the Joint Area Committee rendered a decision identical to the original determination.

15. Each time bids have become available since Roadway acquired Owens Transfer, plaintiff has attempted to bid as a city driver. Roadway has refused to accept

plaintiff's bids on these positions but has accepted bids from drivers with less seniority.

16. Since the time of the original grievance, plaintiff has performed switching duties within the terminal yard of Roadway. However, plaintiff has not been able to log overtime, comparable to that logged by city drivers with less seniority, which could amount to as much as $19,047.76.

17. No evidence was introduced by either party that plaintiff had been involved in any traffic accident.

18. Roadway contends that if it allowed plaintiff to have a city route, great burden and expense would be placed on its operation. Roadway argues that since plaintiff cannot drive placarded loads in excess of weight limitations established by the Department of Transportation, it would have to dispatch drivers from other areas to cover for plaintiff. Such situations involve overtime which, Roadway argues, would create union problems.

The union business representative for plaintiff and for drivers of twenty-two or twenty-three companies asserts that he knows of no other companies with a policy as restrictive as Roadway's regarding the eyesight of city drivers.

19. During plaintiff's presentation of rebuttal evidence, a union shop steward for the drivers at Yellow Freight, testified that two drivers, each of whom had defective sight in one eye, run city routes out of Yellow Freight's St. Louis terminal. There was no evidence to indicate that this caused any union problems.

20. Yellow Freight employs persons such as plaintiff in the same locality and same line of work as Roadway. Therefore, the Court finds that defendant has not shown that bids by plaintiff for a city route would cause union problems or adversely affect safety.

## Conclusions of Law

1. This Court has jurisdiction of this cause of action under 29 U.S.C. § 185.

2. Jack Harvill is physically capable of driving as an intracity driver, driving solely within a commercial zone, as limited by the following provisions of the Department of Transportation Regulations:

The term "exempt intracity operation" means a vehicle or driver used wholly within a municipality, or the commercial zone thereof, as defined by the Interstate Commerce Commission in Part 1048 of 49 CFR Parts 1000 to 1199, revised as of October 1, 1975, and transportation—

(a) Passengers or property, or both, for which no placard or other special marking is required under § 177.823 of this title; or

(b) Property consisting of hazardous materials of a type and quantity that require the vehicle to be marked or placarded under § 177.823 of this title and that weight less than 2,500 pounds, in the case of one dangerous article, or less than 5,000 pounds, in the case of more than one dangerous article.

49 C.F.R. § 390.16 (1975).

3. The Joint Area Committee ruled that Jack Harvill be allowed to bid on those positions that he is physically qualified to perform. The defendant has presented no reasons to the Court to set aside or modify the grievance award. *See United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). "The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

In addition, the public's interest in hiring the handicapped would be served by employing, or at least retaining, those persons who were qualified and "dovetailed" into the seniority system when one truck line acquires another.

Therefore, the defendant is directed to comply with the Committee ruling and to

allow defendant to bid on and drive any of the routes to which his seniority entitles him.

4. The question of lost overtime is considerably more difficult. Over the period in question, the largest amount of overtime earned by an individual with less seniority than the plaintiff amounts to $19,047.76. Therefore, plaintiff is entitled to recover $19,047.76 for lost overtime, plus interest at the rate of six percent per annum from the date of this judgment, together with the costs herein accrued.

5. There are city driver positions available at Roadway which plaintiff is physically qualified to perform and which he is entitled to bid for and receive as a result of his seniority. The defendant, Roadway Express, Inc., shall accept bids from the plaintiff for these intracity positions and award the plaintiff the bid according to his seniority.

6. Costs are assessed against the defendant.